## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

BRADEN FRIEDER,

      Plaintiff,

v.                                       CIV No. 14-962 CG

CAROLYN COLVIN,
Acting Commissioner of Social Security,

      Defendant.

## ORDER AWARDING ATTORNEY'S FEES AND COSTS UNDER EAJA

**THIS MATTER** comes before the Court on Plaintiff Braden Frieder's *Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act, with Memorandum in Support*, ("Motion"), (Doc. 22), filed February 12, 2016; *Defendant's Response to Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act*, ("Response"), (Doc. 23), filed February 26, 2016; and Plaintiff's *Reply in Support of Motion for Attorney Fees and Costs Under Equal Access to Justice Act*, ("Reply"), (Doc. 24), filed March 10, 2016. Having reviewed the Motion, the Response, the Reply, and relevant law, the Court finds that Plaintiff's Motion is well-taken and should be **GRANTED**.

### I.     Background

On July 1, 2013, Plaintiff Braden Frieder filed an application for disability insurance benefits with the Social Security Administration ("Administration"), alleging disability commencing on May 15, 2010. His claim for benefits was initially denied, and again upon reconsideration. A request for a hearing was filed, and a hearing was held

before an Administrative Law Judge ("ALJ"), who issued an unfavorable decision. Mr. Frieder then filed an application for review by the Appeals Council, which was also summarily denied.

Thereafter, Mr. Frieder appealed to this Court, arguing that the ALJ committed reversible, legal error by: (1) improperly rejecting and otherwise failing to weigh medical opinions in the record, thereby making an improper residual functional capacity ("RFC") finding; (2) rendering an erroneous past work finding by incorrectly determining that Mr. Frieder's past work as a janitor was substantial gainful activity and failing to make findings as to the mental demands of Mr. Frieder's past work; and (3) failing to clarify an inconsistency between the vocational expert's ("VE") testimony and the Dictionary of Occupational Titles ("DOT"), and inappropriately relying on VE testimony which was based on the ALJ's improper RFC finding . (Doc. 14). Because the ALJ failed to properly weigh medical opinions in the record, this Court remanded the case to the Commissioner of the Social Security Administration (the "Commissioner") for further proceedings in its *Memorandum Opinion and Order* ("Order"). (Doc. 21).

Mr. Frieder now moves this Court for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). He argues that an award of fees is appropriate because he is the prevailing party, his net worth is less than $2,000,000.00, and the Commissioner's position in defending the action was not substantially justified. (Doc. 22 at 1).

The Commissioner responds that Mr. Frieder's request for fees under EAJA should be denied, because the Commissioner's position in this case was substantially justified. (Doc. 23 at 1). The Commissioner contends that it was reasonable for the

Commissioner to defend the ALJ's decision, as the ALJ's rationale for rejecting the medical opinion could be discerned from the decision. (Doc. 23 at 2–5). The Commissioner further argues that, in the event the Court does award fees and costs, the fees should be reduced to a reasonable amount. (Doc. 23 at 5–6).

In Mr. Frieder's Reply, he asserts that the Commissioner's argument amounts to a *post hoc* rationalization of the ALJ's failure to properly analyze the medical opinions in the record. (Doc. 24 at 2–3). Mr. Frieder argues that the Commissioner has not otherwise shown that the Commissioner's position in defending this legal error was reasonable in law or fact. (Doc. 24 at 2). As to the amount of fees, Mr. Frieder states that his counsel spent 40.55 hours working on his case, which is just above the normal range of 30 to 40 hours spent on a social security case briefing. (Doc. 24 at 4).

## II.   Analysis

### A.  *Standard of Review*

Pursuant to EAJA, a court is required to award attorney's fees if: "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). Here, the Commissioner only disputes whether her position was substantially justified.

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.* at 1172 (citing *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). In order to be substantially justified, the government's position must be "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988) (citing *Pierce v.*

*Underwood*, 487 U.S. 552, 565 (1988)). "The term position includes the government's position both in the underlying agency action and during any subsequent litigation." *Id*.

"When an area of law is 'unclear or in flux, it is more likely that the government's position will be substantially justified.'" *Cherry v. Barnhart*, No. 04-5059, 125 Fed. Appx. 913, 916 (10th Cir. Jan. 24, 2005) (unpublished) (citing *Martinez v. Sec'y of Health and Hum. Servs.*, 815 F.2d 1381, 1382 (10th Cir. 1987)). Indeed, "the government's position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (citing *Pierce*, 487 U.S. at 566 n.2). "The government bears the burden of showing that its position was substantially justified." *Gilbert*, 45 F.3d at 1394 (internal citations omitted).

B.  *The Commissioner's Position Was Not Substantially Justified*

In this case, the Court remanded the ALJ's decision because the ALJ failed to properly weigh the opinions of Jennifer Duke, A.P.R.N. and William Collins, A.P.R.N. (Doc. 21 at 2).

Ms. Duke is an advanced practice registered nurse who provided treatment and medication management to Mr. Frieder at St. Claire Counselling Center from 2008 through 2013. Ms. Duke regularly saw Mr. Frieder after his alleged disability onset date. (AR 318, 319, 342, 343, 344, 346, 372). On August 19, 2013, Ms. Duke completed a Medical Assessment of Ability to Do Work-Related Activities, in which she provided her assessment of Mr. Frieder's mental capabilities as they are affected by his impairments. (AR 347–50). In the report, Ms. Duke states that Mr. Frieder has a "poor" ability[1] to: use judgment; interact with supervisor(s); maintain attention/concentration; understand, remember and carry out complex job instructions; understand, remember and carry out

---

[1] A "poor" ability indicates that the ability to function in an area is seriously limited, but not precluded. (AR 347).

detailed, but not complex job instructions; behave in an emotionally stable manner; and relate predictably in social situations. (*Id.*). Ms. Duke also opined that "Braden has difficulty following through with tasks. It takes him a while to complete tasks." (AR 348). She further stated that "[t]here are times when Braden is flying high and feels he can complete multiple tasks but [due to] racing thoughts, poor concentration and focus, and inability to finish tasks he has difficulty." (AR 349). She also describes periods of mania and depression, "where he can't maintain his hygiene, be out socially, and sleeps for long periods of time . . . [and h]e also reports paranoia and has A/V hallucinations." (*Id.*).

The ALJ discussed Ms. Duke's treatment notes and her report in his decision. (AR 21–22). Ultimately, the ALJ rejected Ms. Duke's opinions because she is an "APRN and is not an acceptable medical source." (AR 22).

As this Court explained in its Order, Ms. Duke is not an "acceptable medical source" pursuant to 20 C.F.R. §§ 1513(a)(1)–(5). "Acceptable medical sources" include physicians, psychologists, certain optometrists and podiatrists, and certain speech-language pathologists. *Id.* Rather, Ms. Duke is an advanced practice registered nurse, or an "other" medical source, pursuant to 20 C.F.R. § 1513(d)(1). The distinction between acceptable medical sources and other medical sources "is necessary because '[i]nformation from . . . 'other [medical] sources' cannot establish the existence of a medically determinable impairment.' Further, 'only acceptable medical sources can give . . . medical opinions' and 'be considered treating sources . . . whose medical opinions may be entitled to controlling weight.'" *Bowman v. Astrue*, 511 F.3d 1270, 1275 n.2 (10th Cir. 2008) (citing Social Security Ruling ("SSR") 06–03p, 2006 WL 2329939 at *2).

Nevertheless, the opinions of "other" medical sources must still be weighed. Indeed, the Regulations state that "regardless of its source, we will evaluate every medical opinion we receive." 20 C.F.R. § 404.1527(d). Social Security Ruling 06-03p clarifies that the factors to weigh medical opinions of acceptable medical sources "set out in 20 C.F.R. §§ 404.1527(d) and 416927(d) apply equally to 'all opinions from medical sources who are not acceptable medical sources as well as from other [non-medical] sources.'" *Franz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (citing SSR 06-03p, 2006 WL 2329939, at *4). It follows that:

> depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an "acceptable medical source" may outweigh the opinion of an "acceptable medical source," including the medical opinion of a treating source. For example, it may be appropriate to give more weight to the opinion of a medical source who is not an "acceptable medical source" if he or she has seen the individual more often than the treating source and has provided better supporting evidence and a better explanation for his or her opinion.

*Id.* (citing SSR 06-03p, 2006 WL 2329939 at *5). Adjudicators are instructed to "explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *Id.* (citing SSR 06-03p, 2006 WL 2329939 at *6).

Given their relationship and the continuous, regular treatment provided by Ms. Duke, this Court held that her opinions as to Mr. Frieder's functioning in the workplace should have been properly weighed against other medical opinions in the record. Indeed, at the time of the hearing, Ms. Duke had been treating Mr. Frieder for several

years. (AR 318, 319, 320, 321, 322, 232, 324, 342, 343, 344, 346, 372). As such, the ALJ was required to adequately explain why he completely rejected Ms. Duke's opinions as to Mr. Frieder's functioning. This Court held that rejecting Ms. Duke's opinions on the basis that she is a non-acceptable medical source was improper and legal error.

Thus, the issue here is whether the Commissioner has met her burden to show that she was substantially justified in failing to properly weigh medical opinions in the record, and defending that error in the subsequent litigation. *Hartter v. Apfel*, No. 99-3095, 202 F.3d 282, at *2 (10th Cir. Jan. 11, 2000) (unpublished). This Court finds that the Commissioner has not.

The Commissioner argues that her position in defending the ALJ's decision was substantially justified because it was reasonable to argue that the ALJ considered, and rejected, Ms. Duke's opinion because it was inconsistent with other medical opinions in the record. (Doc. 23 at 4). The Commissioner makes the same arguments made in the underlying briefing, namely that, pursuant to *Keyes-Zachary v. Astrue*, 695 F.3d 1156 (10th Cir. 2012), "the ALJ's decision is sufficient if it permits [the Court] to 'follow the adjudicator's reasoning.'" *Keyes-Zachary*, 695 F.3d at 1164. The Commissioner maintains that the ALJ's discussion of other opinions in the record demonstrates that he rejected Ms. Duke's opinion because it was inconsistent with the record as a whole, including Ms. Duke's own mental status examination findings. Therefore, it was reasonable to argue that the ALJ's analysis of Ms. Duke's opinion was without error.

However, as the Court explained in its Order, this case is distinguishable from *Keyes-Zachary*. In *Keyes-Zachary*, the ALJ did not provide an analysis from which it

7

could be determined what weight he gave a non-acceptable medical source opinion. *Id.* at 1163. The *Keyes-Zachary* Court found that, because they could nevertheless "follow the adjudicator's reasoning," the ALJ did not err by failing to analyze the weight afforded the opinion. *Id.* at 1164.

Here, the ALJ did not omit an explanation of the weight he afforded Ms. Duke's opinion. (AR 22). Instead, the ALJ explicitly stated that he rejected Ms. Duke's opinion solely on the basis that she was a non-acceptable medical source, which, as discussed above, was improper. (*Id.*). Thus, the Commissioner would again have the Court simply ignore the ALJ's faulty explanation for rejecting Ms. Duke's opinion, and infer another reasonable explanation from his discussion of other medical opinions in the record. This is not a case where the Court would merely be "follow[ing] the adjudicator's reasoning." *Id.* Rather, the Court would be ignoring the ALJ's improper reasoning, and accepting the Commissioner's alternative explanation for the ALJ's findings, which clearly constitutes *post hoc* rationalization of the ALJ's determination.

As stated in the Order, it is well-settled that the Commissioner's *post hoc* arguments cannot supplement the ALJ's decision. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007). Accordingly, the Tenth Circuit has held that "it would therefore be improper to rely on the Commissioner's litigation position," which included entirely new legal theories in an attempt to reconcile errors in the ALJ's decision, "to deny plaintiff's EAJA application." *Hackett*, 475 F.3d at 1175. Thus, this Court finds that the Commissioner's position in defending the ALJ's decision was not substantially justified.

Indeed, the law of this Circuit is clear that where an ALJ's analysis of medical opinions precludes the court from conducting any meaningful review of that analysis,

the ALJ has committed legal error and the case must be remanded to the

Commissioner for further proceedings. *Kauser v. Astrue*, 638 F.3d 1324, 1331 (10th Cir.

2011). Likewise, the Commissioner is not substantially justified in defending such an

error. *Groberg v. Astrue*, No. 11-4173, 505 Fed. Appx. 763, 768–69 (10th Cir. Dec. 14,

2012) (unpublished) (upholding district court's finding that Commissioner's position in

favor of the ALJ's decision was not substantially justified when ALJ rejected medical

opinions for unsupportable reasons). Here, the Commissioner has not offered any

reasonable explanation for the ALJ's failure to properly weigh Ms. Duke's opinion, apart

from her own *post hoc* theories, and therefore has not shown that her position was

substantially justified. *Chester v. Apfel*, No. 00-7021, 1 Fed. Appx. 792, 794–95 (10th

Cir. Jan. 4, 2001) (unpublished) (finding that the Commissioner's position was not

substantially justified where there was no reasonable legal basis for the ALJ's glaring

legal error).

###### C. *Reasonableness of Fees*

     The Commissioner further argues that, if the Court awards fees under EAJA, the

amount awarded should be reasonable. (Doc. 23 at 5). The Commissioner contends

that the number of hours expended in working on this case was not reasonable given

the length of the administrative record and the fact that this case did not involve

unusual, novel, or complex issues of law. (*Id.*).

     Mr. Frieder responds that the 40.55 hours spent handling this case is within the

average amount of time as recognized by other judges in this district. (Doc. 24 at 4). As

a result, the Court should award the fee amount requested. (*Id.*).

"[O]nce the determination is made that the government's position was not substantially justified, then the court should determine what fee is merited for all aspects of the litigation that deal with creating a benefit to the claimant." *Gallaway v. Astrue*, Nos. 08-5080, 08-5082, 297 Fed. Appx. 807, 809, (10th Cir. Oct. 28, 2008) (unpublished) (citing *Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990)).

> In awarding fees under the EAJA, [courts] have a special responsibility to ensure that taxpayers are required to reimburse prevailing parties for only those fees and expenses actually needed to achieve the favorable result." *Role Models Am. Inc. v. Brownlee*, 353 F.3d 962, 975 (D.C. Cir. 2004). The Tenth Circuit recognizes that attorneys typically do not bill a client for every hour expended in litigation, and they should exercise "billing judgment" regarding the amount of hours actually billed. *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). To show appropriate billing judgment, an attorney should make a good-faith effort to exclude those hours from the request that are excessive, redundant, or otherwise unnecessary. *Id.* The Court has a corresponding obligation to exclude hours "not reasonably expended" from the calculation. *Id.*

*Muller v. Colvin*, No. 14-cv-0953 SMV, at *2 (D.N.M. Jan. 27, 2016) (unpublished).

Here, Mr. Frieder requests $7,627.40 for 40.55 hours of work performed in 2014 and 2015, and costs in the amount of $400. (Doc. 22 at 2). The Commissioner objects only to the number of hours expended in litigating the case, and asks this Court to reduce the number of hours to a more reasonable amount. (Doc. 23 at 6). The Commissioner suggests that the Court reduce the total number of hours spent by half, totaling 20.28 hours, or $3,813.70 in fees. (Doc. 23 at 6). In support, the Commissioner states that this case does not involve a voluminous record or unusual or complex issues of law. (Doc. 23 at 6). Mr. Frieder's arguments, according to the Commissioner, were not unusual or out of the ordinary, and did not require significant legal research. (Doc. 23 at 6).

Nevertheless, as Mr. Frieder points out, courts have held that 20 to 40 hours is the average amount of time spent on a social security case briefing. *See Muller*, No. 14-cv-0953 SMV, at *2 (citing *Medina v. Astrue*, 2010 WL 1254835, at *3 (D. Colo. Mar. 26, 2010)) ; *Wellman v. Colvin*, CIV 13-1122 KBM, at *2 (D.N.M. June 15, 2015) (unpublished). Indeed, judges in this district have found it reasonable for counsel to expend 42.15 hours in similar cases. *Id.* (holding that 42.15 hours of work in a case where the administrative record was under 500 pages and the legal arguments were not novel or complex is reasonable). As a result, under the circumstances of this case, the Court finds the 40.55 hours spent on this case to be reasonable, and will award the fee amount requested.

## III.     Conclusion

For the reasons discussed above, the Court concludes that the Commissioner was not substantially justified in her position in the underlying agency action and the subsequent litigation. Accordingly, Mr. Frieder is entitled to an award of attorney's fees and costs under EAJA. In addition, the Court finds the fee amount requested to be reasonable. However, in calculating the fees according to the rates and hours provided by Mr. Frieder's counsel, the amount totals $7,533.40, and not $7,627.40, as he requested.[2]  Thus, the Court **FINDS** that Mr. Frieder's Motion for fees should be **GRANTED IN PART**.  The Court will award $7,533.40 in attorney fees and $400.00 in costs to Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff Braden Frieder's *Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act, with Memorandum in*

---

[2] Instead of a total of 40.55 hours expended, the Court has counted 40.05 hours based on the information provided in the *Affidavits.* (*See* Docs. 22-1 & 22-2).

*Support*, (Doc. 22), be **GRANTED IN PART** and that attorney fees and costs be, and hereby are, awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), payable to Plaintiff in the amount of $7,533.40 in fees and $400.00 in costs. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (EAJA fees are paid to the plaintiff, not the plaintiff's attorney).

    **IT IS FURTHER ORDERED THAT**, if Plaintiff's counsel receives attorney fees under both EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE